We'll hear the last case, United States v. Comerford. Good morning, James McGuire from the Federal Public Defender for the District of Connecticut on behalf of Bradley Comerford. Your Honors, Bradley Comerford was first introduced to heroin when he was 10 years old. His sister, then 23, gave him and his best friend heroin. As a result of that, Mr. Comerford's friend overdosed and died in the bed next to him. His sister was sentenced to 17 years in prison, a sentence she is now serving. Mr. Comerford, unsurprisingly, developed post-traumatic stress disorder, which he continues to suffer from. From age 13, through his arrest in this case, Mr. Comerford was almost continuously under the influence of drugs. Suffering from an addiction complicated by post-traumatic stress disorder that led him, by age 18, to again be addicted to heroin. This addiction is something that had developed over his teenage years and by the age of 18 was something that, as he indicated to the probation office, ruled his life. He could not wake up in the morning without heroin. And if he did not have heroin, he, like many other addicts, was physically sick. And so Mr. Comerford, like others who, in his position, a 20 year old who had not finished high school, whose employment had consisted principally of working for a pizza parlor and gaining some experience watching a contractor work, could afford to purchase heroin to stave off his own, as it's called, dope sickness, by providing heroin to others. And he did that. And he provided heroin to people he knew in retail quantities. Now, the record does not establish any specific quantity that Mr. Comerford sold. Nor does the record specifically establish that Mr. Comerford sold heroin that resulted in death. The sentence in this case, a sentence of nearly six years, imposed on a 20 year old who had never been to prison before, who was suffering from post-traumatic stress disorder, and who sold heroin in retail quantities to support his own addiction, is substantively unreasonable. I want to make clear that although there is both a substantive and a reasonableness objection here, from our view, the first and most fundamental flaw in this sentence is a substantive one. And the substantive problem in this case is not simply that the sentence is high. But it begins from the fact that the sentence is a guideline sentence, founded on a guideline that has no foundation. Unlike nearly every case that appears before this court and other federal courts regarding drug distribution, this case was not sentenced under United States Sentencing Guidelines 2D1.1. But under 2D1.2, a provision, and particularly the provision under which he was sentenced, that's so obscure that there are really actually only a handful of mentions of this. The record does contain evidence that he sold drugs to a 16 year old. It does, your honor. And why doesn't 2D1.2 apply then? We agree, we certainly agree and agreed below that 2D1.2 is the applicable guideline in this case. There is no question that that guideline applies. The question is whether that guideline supports the sentence imposed. And while we understand that generally, the court gives significant deference to the United States Sentencing Guidelines, because of the work, the empirical work, done by the Sentencing Commission. As this court and as the Supreme Court have increasingly recognized, there are exceptions. There are guidelines that are not based on that empirical work. The child pornography guidelines are addressed in the Dorvey case. Kimbrough, before the United States Supreme Court, addresses the crack cocaine guidelines. Here, we again have a guideline that is based entirely on a congressional mandate. The guideline is a response to a statute that says the offense level in cases involving individuals under the age of 18 will be either two levels above what it otherwise would be, or. It seems to me that the trial judge here gave consideration to a number of factors. His prior arrests, the fact he was on probation, the fact he was on his way to buy more drugs. The trial judge felt he lacked remorse. The trial judge noted that the government could have charged a different crime, the death of an individual which would have triggered a 20 year mandatory minimum. In light of all of these circumstances, why is this an exceptional sentence beyond the range of what is reasonable? Sure, and why don't I address that the last point, the suggestion that the government could have prosecuted a different crime. Frankly, that is speculative. As the United States Supreme Court held in Barrage, there are additional, and often difficult, factual determinations that must support a charge that would carry a 20 year mandatory. But following up on Judge Chin's question, the district court judge heard the arguments that you've presented. And we presume that the district court knows its authority to vary from the guidelines, and appreciates how the guidelines are calculated, and so on. I don't see in the record, but maybe I've overlooked something, anything that suggests the district court didn't take into account what you've presented, and didn't, and misunderstood his authority to vary from the guidelines. Is there any reason to think that he didn't fulfill his obligations? So, yes, Your Honor. First, I will again reiterate, although we understand that there is great difference typically paid to district courts. We are coming before this court with this assertion that this is an unreasonable sentence, that the judge weighed and made considerations that ultimately led to a sentence that is not reasonable. With respect to the procedural question, the judge's knowledge of his authority to vary, would say is that the district judge here addressed essentially half of defendant's arguments, and indicated only an as applied consideration of the issues of Mr. Comerford's fitting within 2D1.2, ignoring the larger question of whether 2D1.2 is a reasonable and based starting point for its analysis. And the problem here is the judge did ultimately say, this is a guidelines sentence. And as defendant outlines, this is a guideline that establishes a sentence many times higher than would be the case for someone who sold a retail quantity of drugs to someone who was, say, 18 years old or older. Many times higher than individuals who sell more than retail quantities. It makes no distinction between someone selling one bag of heroin and 399 grams. And so the starting point for the judge, even assuming that he understood where, that he had authority to vary, had no foundation. And yet, that is the foundation for a sentence that is far higher than would be imposed absent this guideline. And I see that my time is up. Thank you, sir. Time for questions. I hear from the government. May it please the court. Good morning, my name is Heather Cherry. I represent the United States government. The defendant's sentence is procedurally and substantively reasonable. And I can start with procedural reasonableness, it's where Mr. McGuire left off. Mr. Comerford claims that the district court failed to consider his policy based challenge. And I think that nothing in the record substantiates that claim. Judge Thompson believed he was addressing the claims that Mr. Comerford made in his sentencing memorandum and at the sentencing. He outlined and specifically referred to the memo and the arguments that Mr. Comerford was making, and then he went through those arguments. And he specifically stated, as to any arguments that Mr. Comerford was making regarding 2D1.2, that he understood his authority to vary. And that he could look at the individual circumstances that were before him. And he would make a decision based on those individual circumstances. He was expected to do so, and that he did so there. And so there's nothing in the record to basically support a claim that there's procedural unreasonableness. In terms of substantive reasonableness, the sentence was within the range of permissible decisions. And Judge Thompson stated clearly the reasons why he was giving Mr. Comerford this sentence. He spoke a few times about the need for deterrence. The fact that he believed the situation in this case, the particular situation and conduct was egregious, and that he was giving him a just punishment that ought to reflect the egregiousness of the particular conduct. And he concluded that a sentence at the high end of the guidelines he believed was appropriate based on the circumstances and the conduct in front of him. And given Judge Thompson's thorough review of the facts and the factors that he considered, and the particularly deferential review for abuse of discretion, we believe it's a substantially reasonable sentence. If there are no further, or if there are any questions, otherwise the government rests on its papers. Thank you. We'll hear the rebuttal. So begin by noting that neither in their briefing nor here has the government offered any meaningful defense of the guideline that is the foundation of this case. Nor, for that matter, did the district court. I'm not sure I understand your point there. I mean, you're saying that an enhancement for selling drugs to someone under 18 is not warranted as a policy matter? So what I'd suggest, Your Honor, is that 2D1.2 contains something that looks a lot like other guidelines. It says, generally, there'll be a two level enhancement for an offense that involves someone under 18. It is a marginal difference. Typically, the guidelines- The rationale is that if you're selling drugs to a minor, there should be consequences for that as opposed to selling to an adult. Because of the vulnerability of the person to whom you are selling the drugs. And that doesn't seem unreasonable to me. So what I'd say there is the same thing could be said of child's pornography. That being involved in child's pornography should have consequences. But this court made clear in the Dorvey decision, that isn't enough. That the guidelines are what anchor cases. And I'll point the court to what I think is a persuasive opinion by Judge Posner. It's not in the papers. It's United States v. Rushton, 738 F3rd 854 at 861. It's a 2013 decision that points to what is essentially a significant body of social science research. That says the guideline, that number that the US Sentencing Guidelines spits out, anchors the sentence. It is the start of the analysis. In this case, it was also the end of the analysis. And as the US Supreme Court has acknowledged in Kimbrough, as this court has held in Dorvey and in Jenkins, both cited in defendant's brief. As well as the Al-Gaheem decision returning to the district court a sentence based upon the fraud guidelines. There is now a body of law showing that this court can and should look past the simple fact that this is a guideline sentence. Where the guide- Are you challenging all the guideline sentences as being inadequately empirically based? I mean, the Dorvey analysis was very specific to the multiple counting and the empirical basis for the child pornography guidelines. But are you making a similar argument as to this specific guideline? Or just generally saying that they're anchored and they're not really anchored enough in the facts? Thank you, Your Honor. I am saying that this specific guideline, 2D 1.2, I think subsection three, is not based on any empirical work by the commission, is entirely the result of a congressional mandate. And so, in that respect, is like the guidelines at issue in Dorvey. I actually think they're worse because there's nothing here but a congressional dictate. So I'm certainly not saying that all or most drug sentences are subject to this critique. In fact, as I pointed out, it's extremely rare for a drug sentence to be based on this guideline. So no, this is a specific critique of a single, very rarely used guideline that had a substantial effect on the sentencing range in this case. Thank you. We'll reserve decision. That completes our calendar for today. I'll ask the clerk to adjourn.